Points Decided.

(February 4, 1924.)

## GEORGE B. FLYNN, JACK FLYNN, A. C. BROWN and L. R. ADAMS, Appellants, v. J. LYNN DRISCOLL and GOLDIE E. GRAY, Executors of the Estate of J. J. GRAY, Deceased, Respondents.

[223 Pac. 524.]

EXECUTORS AND ADMINISTRATORS — PRESENTATION OF CLAIMS AGAINST ESTATE—ACTION AGAINST ESTATE—RIGHT TO AMEND AFTER SUIT IS COMMENCED.

1. C. S., sec. 7585, which provides that if a claim against an estate is founded on a bond, bill, note or other instrument, a copy of such instrument must accompany the claim, is mandatory, and the claim should not be allowed unless the statute is substantially complied with.

2. C. S., sec. 7581, which provides that all claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice or the same will be forever barred, unless within the exception there stated, requires such claims to be presented within the time and in substantially the manner prescribed by C. S., secs. 7582 and 7585.

3. When a claim is rejected by the executor, administrator or the probate judge, C. S., sec. 7586, requires the claimant to bring suit in the proper court against the executor or administrator within three months after notice of its rejection, and this action can only be maintained when such claim has been first properly presented and has been rejected.

4. The "proper court" referred to in C. S., sec. 7586, is a court having civil jurisdiction to try the action, and it is an action at law.

5. C. S., sec. 7588, provides that: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator," unless within the exceptions enumerated, and unless the complaint in an action upon a rejected claim shows a due presentation prior to the commencement of the suit, it fails to state a cause of action.

6. An executor, being a trustee of the estate for the benefit of its creditors and heirs, cannot waive any provision of the statute affecting their substantial rights; and where a claim is founded upon a written contract, and its presentation to the

38 Idaho.—35

executor or administrator is not accompanied by a copy of the same, the claim should be rejected, although such executor or administrator may have knowledge of the existence of such contract.

7. In probate proceedings, if a claim against an estate is not presented to the administrator or executor in substantially the manner prescribed by statute, and it is rejected, the claimant cannot, after he has commenced an action on such claim in "the proper court" referred to, amend such claim to conform to the requirements of the statute relative to the presentation of claims in probate proceedings, and thereby make it a valid presentation of the claim against the estate.

8. The commencement of an action against an administrator or executor in "the proper court," as required by C. S., sec. 7586, although commenced within the time limited for presenting claims against an estate, and the serving of summons upon such administrator or executor, is not the presentation of a claim in probate proceedings, so as to enable the claimant to maintain the action thereon.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to enforce claim for damages against an estate. From judgment of dismissal plaintiffs appeal. *Affirmed.*

E. R. Dampier and H. E. Hosier, for Appellants.

"It is not required that a claim against an estate should state the facts with all the preciseness and detail required in a complaint, and the sufficiency of such a claim is not to be tested by the rules applicable to pleadings." (*Thompson v. Koeller,* 183 Cal. 476, 191 Pac. 927; 11 R. C. L. 194.)

"Where no objection is made by the executor or administrator against the sufficiency of the form in which a claim is stated he may be deemed to have waived the insufficiency. If he relies on defects in form in refusing to allow a claim, he should make known his objection seasonably." (*Brown v. Forest,* 95 Ind. 248; *Waltemar v. Schnick's Estate,* 102 Mo. App. 133, 76 S. W. 1053;

*Ross v. Knox,* 71 N. H. 249, 51 Atl. 910; *Merino v. Munoz,* 99 App. Div. 201, 90 N. Y. Supp. 985; *Aiken v. Coolidge,* 12 Or. 244, 6 Pac. 712.)

C. S., sec. 7585, means that a copy of the contract on which the claim is based must accompany the claim unless such copy is already in the hands of the executors of the estate. (*White v. Deering,* 38 Cal. App. 516, 179 Pac. 401; *Western State Life Ins. Co. v. Lockwood,* 166 Cal. 185, 135 Pac. 496; *In re Andersen's Estate,* 101 Or. 94, 188 Pac. 164, 198 Pac. 236; *Pollitz v. Wickersham,* 150 Cal. 238, 88 Pac. 911.)

It is not to be interpreted in such a way as to mean that the copy must and shall be forthwith attached to and made a part of the claim in the presentation. The mandatory act is the knowledge presented to the executors in written form. (*National Surety Co. v. Campbell,* 108 Wash. 596, 185 Pac. 602.)

An amendment may be made to the claim so long as it does not change the original claim. (*In re Howell,* 179 Iowa, 969, 162 N. W. 231; *Chariton Nat. Bank v. Whicher,* 163 Iowa, 571, 145 N. W. 299; *Baker v. Chittuck,* 4 Greene (Iowa), 480; *Chinn Land & Livestock Co. v. Stewart,* 69 Colo. 598, 196 Pac. 189; *Kirman v. Powning,* 25 Nev. 378, 60 Pac. 835, 61 Pac. 1090; 24 C. J. 354; 11 R. C. L. 198.)

The district court has jurisdiction to allow an amendment to the claim. (*Taylor v. Thieman,* 132 Wis. 38, 122 Am. St. 943, 111 N. W. 229; *Davis v. Superior Court,* 35 Cal. App. 473, 170 Pac. 437; *Herman v. Powning, supra; Chinn Land & Live Stock Co. v. Stewart, supra; White v. Deering, supra; Doolittle v. McConnell,* 178 Cal. 697, 174 Pac. 305.)

The filing of the complaint in the district court and the issuance of the summons thereon against each of the executors constitutes a sufficient presentment of the plaintiffs' claim to the executors of the estate. (*Schurmeier v. Connecticut Mut. L. Ins. Co.,* 171 Fed. 1, 96 C. C. A. 107; *Weller v. Rensford,* 185 Ala. 333, 64 So. 366;

*Easley v. Rowe,* 138 Ark. 58, 210 S. W. 145; *Ellison v. Allen,* 8 Fla. 206; *Scheel v. Eidman,* 68 Ill. 193; *Hanen v. Leander,* 178 Iowa, 569, 160 N. W. 18; *Stewart v. Carr,* 6 Gill (Md.), 430; *Connecticut L. Ins. Co. v. Schurmeier,* 117 Minn. 473, Ann. Cas. 1913D, 462, 136 N. W. 1; *Smith v. Smith,* 4 Miss. 216; *State v. Hollcamp,* 266 Mo. 347, 181 S. W. 1007; *Ruth v. Davenport,* 18 N. Y. Supp. 721; *McLeod v. Graham,* 132 N. C. 473, 43 S. E. 935; *Clayton v. Dinwoodey,* 33 Utah, 251, 14 Ann. Cas. 926, 93 Pac. 723.)

Wood & Driscoll, for Respondents.

The points involved are purely statutory, and cases under different statutes are not in point. (1 Church on Probate, p. 5.)

Proper presentation of a claim is indispensable. (*Blake v. Lemp,* 32 Ida. 158, 179 Pac. 737; *Lundy v. Lemp,* 32 Ida. 162, 179 Pac. 738.)

A claim must show a substantial cause of action, or at least a *prima facie* liability on the part of the estate; must show the nature, character and amount of the claim sufficiently to enable the executors and judge to act advisedly on it, and enable the heirs and their creditors to understand it on final accounting; and must be sufficient to bar another cause of action on the same claim. (*Etchas v. Arena,* 127 Cal. 588, 60 Pac. 45; *Pollitz v. Wickersham, supra; Kirfeld's Estate,* 37 S. D. 292, 157 N. W. 1057; *Branch v. Lambert,* 103 Or. 423, 205 Pac. 995.)

It must be sufficiently intelligible that it can be determined from the claim itself whether the action brought is based on the claim, for suit can be brought only on the identical claim presented. (*Vanderpool v. Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Giles v. Reed,* 44 Cal. App. 367, 186 Pac. 614; *Bechtel v. Chase,* 156 Cal. 707, 106 Pac. 81; *Zuhn v. Horst,* 100 Wash. 359, 170 Pac. 1033.)

If the claim is founded on a written instrument, a copy of such instrument must accompany the claim. (C. S.,

sec. 7585; *Turner's Estate,* 128 Cal. 388, 60 Pac. 967; *Stockton Savings Bank v. McCown,* 170 Cal. 600, 150 Pac. 985; *Thompson v. Koeller,* 183 Cal. 476, 191 Pac. 927; *Davis v. Superior Court,* 35 Cal. App. 473, 170 Pac. 437; *Vanderpool v. Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Burnett v. Neraal* (Mont.), 214 Pac. 955; *Bank of Sonoma County v. Charles,* 86 Cal. 322, 24 Pac. 1019; *Perkins v. Onyett,* 86 Cal. 348, 24 Pac. 1024.)

A general rejection does not waive the deficiencies noted in presentation (sec. 7584, C. S.), nor has an executor power to waive them. (Note, 11 A. L. R. 246; *Schneeberger v. Frazer,* 36 Ida. 737, 213 Pac. 568; *Hart v. Calahan,* 46 Cal. 222; *Dakota Nat. Bank v. Kleinschmidt,* 33 S. D. 132, 144 N. W. 934; *Detroit Automatic Scale Co. v. Torgensen,* 36 S. D. 564, 156 N. W. 86; *Burke v. Maguire,* 154 Cal. 456, 98 Pac. 21; *Boyce v. Fiske,* 110 Cal. 107, 42 Pac. 473; *O'Keefe v. Foster,* 5 Wyo. 343, 40 Pac. 525; *Empson v. Fortune,* 102 Wash. 16, 172 Pac. 873; *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Seattle Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372; *Branch v. Lambert,* 103 Or. 423, 205 Pac. 995.)

The institution of an action in the district court does not constitute presentment as required by statute, (a) because secs. 7581, 7582, 7584, 7585, 7586, define presentation otherwise, and secs. 7588 and 7590, expressly prohibit suit until there has been a presentation; (b) under art. 5, sec. 21 of the constitution, and *Estate of McVay,* 14 Ida. 56, 93 Pac. 28, the probate court has exclusive jurisdiction of the allowance of claims; (c) instituting suit affords no compliance with sec. 7582, C. S., as to vertification of claims, and this is mandatory. (*Schneeberger v. Frazer, supra; Perkins v. Onyett,* 86 Cal. 348, 24 Pac. 1024; *Burke v. Unger,* 88 Okl. 226, 212 Pac. 993; *Ullman v. Adler,* 59 Mont. 232, 196 Pac. 157; *First Security etc. Co. v. Inglebar,* 107 Wash. 86, 181 Pac. 13; *Dakota Nat. Bank v. Kleinschmidt, supra; Printz-Biederman Co. v. Torgeson,* 41 S. D. 48, 168

N. W. 796; *Dillabough v. Brady,* 115 Wash. 76, 196 Pac. 627.)

A claim cannot be amended after the time limited for presenting claims has expired. (C. S., sec. 7581; *Dillabough v. Brady, supra; Pollitz v. Wickersham,* 150 Cal. 238, 88 Pac. 911; *Palmer v. Guaranty Trust & S. Bank,* 45 Cal. App. 572, 188 Pac. 302; *Patrick v. Austin,* 20 N. D. 261, 127 N. W. 109; *Westbay v. Gray,* 116 Cal. 660, 48 Pac. 800; *Lindsay v. Hogan,* 56 Mont. 583, 185 Pac. 1118; *In re Sullenberger,* 72 Cal. 549, 14 Pac. 513; *Etchas v. Orena,* 127 Cal. 588, 60 Pac. 45; *Printz-Biederman Co. v. Torgeson, supra; In re Turner's Estate,* 128 Cal. 388, 60 Pac. 967.)

Even if the amendments to claims were allowable the probate, and not the district, court would have exclusive jurisdiction to authorize them. (Ross on Probate, sec. 154, p. 207; 2 Church on Probate, 2d ed., p. 1011; art. 5, sec. 21, Idaho Const.; *Estate of McVay,* 14 Ida. 56, 93 Pac. 28.)

The motion to amend the complaint is not allowable. (*Levinson v. Schwartz,* 22 Cal. 229; *State v. Davis,* 30 Ida. 137, 163 Pac. 373; *Fiske v. Casey* (Cal.), 51 Pac. 1077; *Davis v. Superior Court,* 35 Cal. App. 473, 170 Pac. 437; *Burnett v. Neraal, supra.*)

WILLIAM A. LEE, J.—This action was commenced in the district court of Minidoka county against respondents, as executors of the estate of John Joseph Gray, deceased, and was thereafter transferred to the district court of Ada county, upon motion and affidavit of said executors that the county in which said action was commenced was not the proper county.

Appellants' action was to recover $65,649 damages for an alleged breach of the following contract:

"THIS AGREEMENT, made and entered into this 17th day of January, 1920, by and between George B. Flynn of Declo, Idaho, and J. J. Gray of Boise, Idaho, as follows, to-wit: For and in consideration of the sum of

Seven Thousand and No One Hundred ($7,000.00) in hand paid by J. J. Gray to George B. Flynn, the receipt of which is hereby acknowledged and I, or we, agree to sell and deliver on or about May 1st, 1920 to May 20th, 1920, at Minidoka District, f. o. b. cars —— head of ewes at —— Dollars, about Seven thousand head of lambs at $12.00 per head; said sheep branded with a Flynn commonly known as George B. Flynn yearling Ewe lambs. Seller to give ten days notice on delivery date and George B. Flynn agrees to deliver all the yearling ewes that he has which is between 6 and 8000 head, free from all encumbrance to be delivered Wool off at shearing time. Said sheep to be free from sicks, runts, cripples, long tails and bucks, and to pass U. S. Government inspection and in good driving condition. If bought by weight to be weighed with dry fleece. About 85 per cent pure and medium, and 15 per cent with wool.

"(Signed)   G. B. FLYNN
"(Signed)   J. J. GRAY.

"Witness:
    "D. B. FIELD."

The complaint alleges that on March 21, 1920, the said John Joseph Gray died at Boise City, in Ada county; that thereafter, at the request of his agents and representatives, the time of the delivery of the sheep mentioned in the above contract was by mutual consent extended until June 5, 1920; that on that day, and for several days thereafter, appellants tendered a delivery of said animals and a full compliance with the terms of their agreement, but that respondents refused to accept said sheep or to pay for them pursuant to said agreement, to appellants' damage in said sum of $65,649; that the respondents were, on April 19, 1920, duly appointed the executors of the estate of said John Joseph Gray, and qualified, and ever since have been so acting; that such executors caused notice to be given to creditors, and that on December 23d thereafter appellants presented to said executors a notice of their said claim, which was re-

jected. Omitting the caption and verification, the claim presented to the executors is as follows:

"1920.

| | | | |
|---|---|---|---|
| June 5. | 7908 head | ........................ | $94,896.00 |
| Jan. 17. | Credit by cash as per contract | ................. | $7,000.00 |
| June 6. | Balance due on contract | .............. | $87,896.00 |
| June 6. | Total running expenses, 6/6/20 to 12/6/20 | ...................... | 13,032.84 |
| | | | $100,928.84 |
| | Interest on $87,896.00 6/6/20 to 12/6/20 @ 7% per annum 6 mo | ........... | 3,076.36 |
| | | | $104,005.20 |

Credits:

| | |
|---|---|
| Sale 1263 head to Clay R. 10/11/20 | 7,806.96 |
| Interest on $7806.96 10/11/20 to 12/6/20 ................... | 83.50 |
| Sale 2238 head to Clay R. 10/19/20 | 9,261.04 |
| Interest on $9261.04 10/19/20 to 12/6/20 ................... | 72.70 |
| 3552 head on hand 12/6/20 valued at $6.00 per head ........... | 21,312.20 |

Balance due 12/6/20 .......$ 65,652.00"

Respondents filed a general demurrer to this complaint, and thereafter by leave of court, but after the time for filing claims against said estate had expired, amended said demurrer, adding thereto special grounds, among others that the purported cause of action was barred by certain provisions of the statutes, alleging in the demurrer that notice to creditors was given on April 21, 1920, and that no claim in writing or otherwise was exhibited or presented by appellants to said executors as therein required within ten months after the first publica-

tion of said notice; that no claim arising upon said contract was presented to said executors within said time; that neither the original nor a copy of said contract was attached to or accompanied the claim presented to said executors; that said claim as presented does not show upon what it is based, or the nature of the claim, or that it arises out of or is based upon the contract pleaded; that such claim, as presented, is ambiguous and unintelligible.

Immediately upon filing the amended demurrer, appellants asked leave to amend their complaint in the following particulars: by including therein an allegation that a copy of the contract sued on was furnished to the executors and to the attorneys for the executors, prior to the filing of the claim with them, and after the commencement of the probate proceedings; and to amend their claim as presented to the executors in the following particulars:

"(a) By adding the words 'of sheep' in the first line of said claim.

"(b) By adding after the word 'contract' the word 'attached' in the second line of said claim.

"(c) By adding after the word 'expenses' the words 'running sheep' in the fourth line of said claim.

"(d) By adding after the figures '1263' the word 'sheep' in the eighth line of said claim.

"(e) By adding after the word 'head' the words 'of sheep' in the tenth line of said claim.

"(f) By adding after the word 'head' the words 'of sheep' in the twelfth line of said claim."

The application to amend was denied, the demurrer sustained, and appellants' cause of action dismissed, from which judgment of dismissal this appeal is taken.

Respondents move to dismiss the appeal on the following grounds: (1) That the order appealed from is neither a final judgment nor an appealable order; (2) that the transcript contains no proof of the service of the notice

of appeal; (3) that there is no such order as that described in the notice of appeal.

The order of dismissal contains the following:

"It is hereby ordered that neither the said plaintiffs nor any of them take anything in this action and that said action be dismissed at the plaintiff's costs."

The first contention is without merit. In *Swinehart v. Turner,* 36 Ida. 450, 211 Pac. 558, it is said that whether an instrument is an order or a judgment must be determined from its contents, and not from its title. A judgment, as defined in C. S., sec. 6826, is a final determination of the rights of the parties in an action or proceeding.

With regard to the second ground, the record shows that subsequent to the filing of the record on appeal, an application was made for a diminution of the record, which was granted, and a certified copy of the notice of appeal was filed as a part of the record, which shows service of the notice upon respondents.

The third ground of the motion to dismiss the appeal is that the notice of appeal does not fully describe or identify the judgment of dismissal from which the appeal is taken. From what has been said as to the first ground, it will be seen that this is also without merit, and the motion to dismiss the appeal is denied.

Appellants also move to strike respondents' brief from the files, for the reason that it was not filed within the time prescribed by Rule 45 of this court. This motion is denied, because the time for filing such brief was extended. A brief will not be stricken from the files for delay in filing, where the delay has not prejudiced the adverse party, if the brief tends to aid the court in examining the questions presented by the appeal, although a brief filed out of time without permission is subject to be stricken.

Appellants' motion to strike respondents' motion to dismiss the appeal because the objection was not filed within the time limited by Rule 51 is denied. *Utana*

*Mining Corp. v. Salmon River Power & Light Co.,* 37 Ida. 793, 218 Pac. 789, holds that this rule only applies to the grounds stated in the rule, and does not go to jurisdictional questions.

Considering the appeal upon its merits, appellants specify as errors: (1) the refusal of the court to permit appellants in their action in the district court to amend the claim presented to and rejected by the executors; (2) refusing to allow appellants in the district court to attach a copy of the contract to the rejected claim; (3) sustaining the demurrer; (4) entering judgment of dismissal against plaintiffs.

It will be observed that this appeal presents two principal questions, first as to whether the claim presented to the executors was sufficient in form to be intelligible, and in compliance with the law governing the presentation of claims to an executor or administrator in a probate proceeding, and secondly, if not, could it be amended after its disallowance by the executor and the commencement of an action in "the proper court" as provided for in C. S., sec. 7586.

C. S., sec. 7585, in part reads:

"Every claim allowed by the executor or administrator and approved by the probate judge, or a copy thereof, as hereinafter provided, must, within 30 days thereafter, be filed in the probate court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration. If the claim is founded on a bond, bill, note or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited if demanded, unless it is lost or destroyed. . . . . "

It is conceded in the instant case that the contract which is the basis of this cause of action did not in fact accompany the claim presented to the executors, and that neither the original nor a copy of this contract was presented to them at any time within the ten months' period allowed for the presentation of claims against the estate. The failure to do so is sought to be excused on the ground that appellants were led to believe, and did believe, at the time and before

the claim was presented, that the executor had the original or a copy of the contract, and that its presentation was waived. Affidavits in support of this contention are made, and there are counter-affidavits by and on behalf of the executors and their attorneys against this contention. We think, however, that if the facts were conceded to be as appellants claim, it would not be a sufficient showing to relieve them from a compliance with the requirements of the statute that the claim presented to the executors shall be accompanied by a copy of the contract out of which the claim arises, when the claim which was presented to the executors is considered. An inspection of this claim shows it to be unintelligible, if not accompanied by some explanation. It does not indicate with any degree of certainty how it arises, upon what it is based, or, except as to the verification that was attached to it, that it was in fact a claim against the estate.

It is urged that this being a claim for damages, arising out of an alleged breach of a contract between the deceased Gray and appellants for the purchase and delivery of about 7,000 head of yearling ewe lambs, was a transaction between sheepmen, who do not maintain offices and employ professional bookkeepers; that the account, as kept on the books of appellants and presented to the executors, was in such form as would ordinarily be kept by this class of tradespeople, and would be easily understood by them, and should be considered sufficient in the form presented. Appellants also claim that the conduct of the executors was such as to induce appellants to believe that they had a copy of this contract in their possession, and that they did not require an additional copy, and secondly, that the account itself, when considered in connection with its purpose, could not have been so indefinite, uncertain and unintelligible as to have misled the executors, and that if it was so insufficient in form that it was not understood, it was the duty of respondents to advise appellants to this effect. We do not agree with this contention. The claim is a large one, and relates to a business transaction of more than ordinary

magnitude. It is conceded that the provision of the statute above set out, which requires a claim founded upon a contract to be accompanied by such contract or a copy thereof, is mandatory. Appellants do not controvert this construction of the statute, but contend that under the showing made by their affidavits, respondents had a copy in May prior to the presentation of the claim in December, and that they presented a copy to one of the executors at the hotel at Shoshone, which is denied.

It is the policy of the law that all just debts of an estate shall be paid, and that creditors having claims shall make out, verify and present them in such manner, and with such statements and vouchers, that the representatives of the deceased may allow them if legal, and reject them if in law they should be rejected. The claim, as presented and passed upon by the executors, was the foundation of appellants' cause of action. They could not come into court and allege or prove any other or different cause of action than that stated in the claim. The executors were entitled to have the claim presented in a sufficiently intelligent form to enable them to pass upon it legally. (*Etchas v. Orena,* 127 Cal. 588, 60 Pac. 45.)

The purpose of requiring the presentation of claims against estates is, first, to furnish the administrator with pertinent evidence touching the validity and justness of such claims, by means of which he may determine for himself whether they ought to be paid out of the funds of the estate, and second, to enable him to justify his acts, in some measure at least, in accounting with the probate court. (*Willis v. Marks,* 29 Or. 493, 45 Pac. 293.)

The claim as presented to the executors is certainly unintelligible. When it is considered in connection with the contract out of which it is claimed to have arisen, it is found to be based upon an alleged breach of an agreement entered into on January 17, 1920, between the deceased Gray and two of the appellants, whereby they claim they agreed to sell and the deceased agreed to purchase about 7,000 head of lambs, at $12 per head, the same to be de-

livered at the option of the seller upon ten days' notice. The claim presented to the executors makes no reference whatever to sheep or animals of any kind, unless the use of the word "head" would imply that the account related to animals. But if so, it cannot be said that such animals were sheep. It makes reference to a cash credit as per contract, and other references indicate that the account refers to a contract of some kind, but considered by itself, there is nothing that would warrant the executors in allowing the same against the estate of the deceased which they were administering.

Administrators and executors occupy toward an estate which they represent a fiduciary relation of peculiar significance. They are required by C. S., sec. 7578, immediately after their appointment to give notice to creditors. This notice must require all persons who have claims against the estate to present them, with the necessary vouchers, at the place specified in the notice. C. S., sec. 7581, requires all claims arising upon contract, whether the same be due, not due or contingent, to be presented within the time limited in the notice, and any claim not so presented is barred forever, with the exception of a single instance, that of the claimant being out of the state when notice is given. C. S., sec. 7582, requires every claim presented to be supported by the affidavit of the claimant or someone on his behalf that it is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same. C. S., sec. 7585, provides that if the claim is founded on a bond, bill, note or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited if demanded, unless it is lost or destroyed, in which case the claimant must accompany the same by his affidavit containing a copy or particular description of such instrument, stating its loss or destruction. After the administrator or executor allows the claim, it must then be presented to the probate judge for his approval, who must in like manner indorse thereon his allowance or rejection. C. S., sec. 7586,

requires action to be brought upon a rejected claim within three months. C. S., sec. 7689, provides that no administrator or executor shall purchase any claim against the estate he represents. Executors and administrators are required to give bond for the faithful discharge of their trust.

"An administrator or executor has no authority to pay claims against the estate of which he has charge, except when they are presented within the time and in the manner required by law. If he pays in disregard of the requirements of the law, he may be required to make good to the estate all sums so illegally paid out." (*Schneeberger v. Frazer,* 36 Ida. 737, 213 Pac. 568.)

In *Stockton Savings Bank v. McCown,* 170 Cal. 600, 150 Pac. 985, it is said:

"No authority has been cited, and our own industry has revealed none, that excuses the omission of anything from a claim like this so clearly necessary as is the setting up of the principal obligation. If hardship results from the enforcement of this rule, the remedy is with the legislature, not with us. Our duty is to enforce the statutes in all of their essentials."

In *Davis v. Superior Court,* 35 Cal. App. 473, 170 Pac. 437, the court holds:

"If founded on a written contract, a copy of the contract must be attached to the claim."

*Dillabough v. Brady,* 115 Wash. 76, 196 Pac. 627, holds that a court has no power to authorize an administrator to waive compliance with the probate law.

See, also, *Vanderpool v. Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Burnett v. Neraal* (Mont.), 214 Pac. 955; *Bank of Sonoma County v. Charles,* 86 Cal. 322, 24 Pac. 1019; *Turner's Estate,* 128 Cal. 388, 60 Pac. 967; *Perkins v. Onyett,* 86 Cal. 348, 24 Pac. 1024.

Appellants erroneously argue that the commencement of this action against the executors in the district court, within the time limited for presenting claims against an estate to the executors, and the service of summons upon

each of them, constitutes a sufficient presentation of appellants' claim. In support of this contention, 24 C. J. 320, sec. 939, and cases under note 50, are cited. An examination of these cases will disclose that all of them arise out of an entirely different probate procedure, and hence cannot be authority in support of the construction claimed under the Idaho probate procedure. It is elementary, says Church in his work on Probate Law and Practice, vol. 1, page v, that:

"Probate law is a creature of the statute. Each point thereof is governed by the statute in force in the particular state, and little aid can be gained from text writers or from the decisions of other states where the statutes are not identical, or at least analogous."

There seem to be two classes of procedure, one wherein the presentation of a claim to the administrator or executor prior to the commencement of an action is not a prerequisite to maintaining such action, and the second in those jurisdictions, as in this state, wherein, as provided by C. S., sec. 7581, such claim must be presented, whether due, not due or contingent, within the time limit, and if not so presented, shall be regarded as forever barred, and as further required by C. S., sec. 7586, when the claim is rejected by either the executor, administrator or probate judge, the holder must bring suit in the proper court against the administrator or executor within three months after the notice of rejection. The "proper court" referred to is the court having civil jurisdiction to try such a matter. (*Idaho Trust Co. v. Miller*, 16 Ida. 308, 102 Pac. 360.) The action required to be brought under the provisions of this section to recover the rejected claim, if it be a demand for money, is an action at law, and C. S., sec. 7588, expressly provides that no holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case; by the holder of a mortgage lien against property of the estate, where all recourse against other property is expressly waived.

These statutes have been frequently construed by courts of states having the same, or analogous, provisions, and the holdings have been uniform that a suit cannot be maintained on a claim against an estate until it has been presented to the administrator or executor substantially as required by the statute. The controversy in *Vanderpool v. Vanderpool*, 48 Mont. 448, 138 Pac. 772, arose out of a similar state of facts, and that court reversed the lower court and held that: (1) where the claim was founded upon a bond, bill or other instrument, a copy thereof must accompany the claim; (2) that no action against an estate could be maintained until the claim was first presented to the executors; (3) that a complaint not expressly alleging due presentation fails to state a cause of action; (4) that all claims against an estate arising upon contracts must be presented within the time limited in the notice, and any claim not so presented is barred; (5) that this is a special statute of nonclaim, superseding the general statute of limitations, and makes a compliance with its terms essential to a right of action on such claim; (6) that an executor is in effect a trustee of the assets of an estate for the benefit of the creditors and heirs, and cannot waive any substantial right affecting their interest; (7) that if such executor or administrator fails to plead this statute of nonclaim against one suing on a claim not properly presented, he is personally liable for the *devastavit* upon payment of such claim; (8) that any misleading statement that he may have made inducing a creditor's noncompliance with the statute does not estop him from contesting the claim on that ground; (9) and that while an equitable estoppel might under such conditions be invoked against the executor or administrator so far as his individual interest in the estate is concerned, it cannot operate to the prejudice of the heirs or other creditors.

Supporting the view that an action cannot be maintained upon a claim against an estate until it has been first presented to the executor or administrator substantially in the manner prescribed by the statute, and rejected, and hence

38 Idaho.—36

such suit cannot be a sufficient presentation, see also the following: *Burke v. Unger*, 88 Okl. 226, 212 Pac. 993; *First Security & Loan Co. v. Englehart*, 107 Wash. 86, 181 Pac. 13; *Dakota Nat. Bank v. Kleinschmidt*, 33 S. D. 132, 144 N. W. 934; *Printz-Biederman Co. v. Torgeson*, 41 S. D. 48, 168 N. W. 796; *Dillabough v. Brady, supra.*

The case of *Clayton v. Dinwoodey*, 33 Utah, 251, 14 Ann. Cas. 926, 93 Pac. 723, arising under statutes like our own is the only case, so far as we have found, which holds that the commencement of an action upon a claim before it has been presented to or rejected by the administrator or executor is a sufficient presentation, and that the action can be maintained. How far the court was influenced in reaching this conclusion by the fact that the Utah constitution gives to the district court probate jurisdiction does not appear from the opinion. In any event, it is not in harmony with the holding in other states having like statutes. Nor is the construction given to these statutes warranted by the language used, which clearly requires the presentation of the claim before suit can be maintained.

After what has been said as to the necessity of first presenting a claim substantially in the manner required by statute, before a suit can be maintained upon such claim, it would not appear necessary to consider at length the argument that under C. S., sec. 6726, the claim may be amended in some material respect at the time or after such action is commenced. This is the statute of *jeofailes* or amendments (3 Blackstone's Comm. 407). However, it is not intended to include amendments of the character here proposed. After the rejection of a claim by the administrator or executor, the right to sue on such a claim in any court of competent jurisdiction immediately accrues to the holder of the claim. This right is purely statutory, and is not an appeal from a judgment of the probate court exercising probate jurisdiction. It is, however, analogous to the power that a reviewing court exercises in matters of appeal.

If an action of this kind can only be maintained where the claim has been first presented to the executor or administrator in substantial compliance with the requirements of the statute, it must follow that where such claim is presented to the administrator or executor in manner so defective as to preclude its allowance, it cannot be amended into a valid claim after suit has been commenced thereon in "the proper court" referred to in C. S., sec. 7586, for that would be presenting to this latter court a cause of action that had never been presented to or determined by the administrator or executor in the court having exclusive original jurisdiction. If, as is sought to be done in the instant case, a claim that was fatally defective when presented to the executor in the court which has exclusive original jurisdiction may be amended into a valid claim in the action in the district court, it would in effect be clothing the latter court with co-ordinate original probate jurisdiction, which it cannot have.

It follows from what has been said that the judgment of the court below must be affirmed, and it is so ordered, with costs to respondents.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.