## No. 13,501.

### RISHEL, ADMINISTRATOR *v.* CRAWFORD.
(32 P. [2d] 841)

Decided May 7, 1934.

Mr. S. M. TRUE, Mr. E. T. SNYDER, for plaintiff in error.

Mr. WILLIAM E. SPANGLER, Mr. EMORY L. O'CONNELL, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the administrator and Crawford respectively. Crawford filed, in the county court, his claim against the estate. On hearing it was disallowed. He appealed to the district court where, on a verdict in his favor, judgment was entered. To review that judgment the administrator prosecutes this writ and asks that it be made a supersedeas. Both parties request final decision on this application. The only material questions presented are the sufficiency of the evidence and the correctness of instruction No. 3.

The claim presented was for "Salary from October 15, 1927, to January 15, 1929, $2,250.00. Expense from October 15, 1927, to January 15, 1929, $205.45. Amount due $2,455.45." No evidence on the expense item was offered. The verdict was for $1,500.

Instruction No. 3 reads: "If you should find that Mr. Crawford's services to Mrs. Tew were not worth the amount of the claim filed in the estate, then you should allow Mr. Crawford such sum or sums as you think his services were reasonably worth, provided you should find that Mr. Crawford worked for Mrs. Tew, at her request, and that she agreed to pay him for such services." The objection to the instruction is that it permitted a verdict on quantum meruit, whereas Crawford's cause of action was on contract.

No formal pleadings are required in exhibiting claims against estates. The issues are formed as in actions before justices of the peace. C. L. 1921, p. 1446, §5337. Hence the distinction between contract and quantum meruit is often impossible. In such cases as this it is not essential. *Leitensdorfer v. King, Adm'x,* 7 Colo. 436, 4 Pac. 37. But in view of the fact that the length of time Crawford was employed was in doubt and the evidence conflicting it does not appear either that

the claim was on contract, or instruction No. 3 on quantum meruit. The instruction is therefore not vulnerable to the objection.

There was positive evidence of an agreement between Crawford and Mrs. Tew for his employment at $150 per month; that he left other employment and entered her service; and that he was busied about her interests for some eight to twelve months. Apparently the jury fixed this time at ten months, believed the evidence as to the agreed salary, and found accordingly. There is evidence to support that finding.

It should be borne in mind that of the only two persons who could speak authoritatively on the facts in issue Mrs. Tew's lips were closed by death and Mr. Crawford's by statute. The jury might well have concluded, from the evidence, that Crawford was in Mrs. Tew's confidence and advised her and dabbled in her affairs as a friend; that in appreciation of his interest he thought she would remember him in her will, and that this suit resulted from his disappointment. There is much in the story unfolded to support that theory and much in the attitude of some of his witnesses to give color to it. But these things were, after all, for the jurors, and we see no way of interfering with their finding without invading their province.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.