236 P.2d 722

**NAGELE et ux. v. MILLER et al.**

No. 7730.

Supreme Court of Idaho.

Oct. 15, 1951.

Smith & Ewing, Caldwell, for respondent:

PORTER, Justice.

Appellant, Maxine Nagele, filed a creditor's claim against the estate of John W. Smeed, deceased, with the executors of his last will and testament. The executors rejected such claim. Appellants brought this action to establish such claim. The amended demurrer to the amended complaint challenged the sufficiency of the creditor's claim.

Thos. Y. Gwilliam, W. W. Wander, Nampa, for appellant.

The amended demurrer was sustained and the action dismissed. Appellants have appealed. The answer to the question of whether the creditor's claim is sufficient in form and substance to meet the statutory requirements is determinative of this appeal.

A copy of the claim is attached to the amended complaint and reads as follows:

"In the Probate Court of the State of Idaho, in and for the County of Canyon.

"In the Matter of the Estate of John W. Smeed } Creditor's Claim

"The undersigned, a creditor of John W. Smeed, deceased, herewith presents her claim against the said deceased to G. A. Miller, Jack Smead, W. W. Lord, Ralph Smead, and L. H. Staus, as executors of said estate, for approval, as follows:

"Estate of John W. Smeed, Deceased,

"For wages due and owing the undersigned, for the months of September, October, November, December of 1946, and for the sum of $1800.00 for the year 1947, and for the sum of $1800.00 for the year 1948, and for the sum of $1800.00 for the year 1949, which are due and unpaid.

"Maxine Nagele

"State of Idaho } ss.
"County of Canyon

"Mrs. Fred (Maxine) Nagele, whose foregoing claim is herewith presented to G. A. Miller, Jack Smead, W. W. Lord, Ralph Smead and L. H. Staus, the executors of the estate of said deceased, being duly sworn, deposes and says:

"That the amount thereof, to wit, the sum of $5,700.00, is justly due to said claimant, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the claimant, and or affiant.

"Maxine Nagele

"Subscribed and Sworn to before me this 4th day of February, 1950.
"(seal) "W W Wander
Notary Public for Idaho
Residing at Nampa, Idaho
My Commission Expires 3/26/52"

Section 15–601 I.C., provides every executor or administrator must publish a notice to the creditors of the decedent "requiring all persons having claims against him to exhibit them with the necessary vouchers, to the executor or administrator". Section 15–605, I.C., reads in part as follows: "Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. The

oath may be taken before any officer authorized to administer oaths. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim." Section 15–607, I.C., reads in part: "When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator he must, within sixty days after its receipt, indorse thereon, his allowance or rejection, with the day and date thereof." Section 15–611, I.C., provides that no holder of any claim against an estate shall maintain an action thereon unless the claim is first presented to the executor or administrator, with certain exceptions not material in this action.

■ In the Annotation to Roth v. Ravich, Conn., 74 A.L.R. 364, at page 369, the general rule as to the form and requisites of a claim against a decedent's estate is set out as follows: "A claim against a decedent's estate need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representative to provide for its payment, and serves to bar all other claims by reason of its particularity of designation." On page 373 of the same annotation, it is stated: "It is universally held that the statement of a claim against a decedent's estate need not conform to the technical rules of pleading, and the facts need not be set out with the particularity of a complaint."

In Furst & Thomas v. Elliott, 56 Idaho 491, at page 506, 56 P.2d 1064, at page 1071, this court held: "A claim against an estate need not state all the facts with the precision and detail required in a complaint, but it is sufficient to indicate the nature and amount of the demand in such a manner as to permit the executor and the probate judge to act advisedly upon it. McGrath v. Carroll, 110 Cal. 79, 42 P. 466; Pollitz v. Wickersham, 150 Cal. 238, 88 P. 911; Thompson v. Koeller, 183 Cal. 476, 191 P. 927."

In Hubbard v. Ball, 59 Idaho 78, 81 P.2d 73, 75, this court held sufficient a claim against an estate, reading as follows: "For looking after George A. White's business, and caring for him during his sickness from 1930 until the date of his death $1,000.00."

In the case of Rishel v. Crawford, 95 Colo. 92, 32 P.2d 841, the court held sufficient a creditor's claim for "Salary from October 15, 1927, to January 15, 1929, $2,-250.00. Expense from October 15, 1927, to January 15, 1929, $205.45. Amount due $2,455.45".

The case of Flynn v. Driscoll, 38 Idaho 545, 223 P. 524, 34 A.L.R. 352, cited by respondents is not controlling here. In such case, the claim, among its other defects, was not accompanied by a copy of the written contract upon which it was founded as required by Section 15–608, I.C.

■ An examination of the creditor's claim in question shows that the nature of the claim is for wages for a designated period of time and shows the amount of the claim. It is sufficiently particular to bar

all other claims for the same wages. The claim was sufficient to meet the statutory requirements of a creditor's claim and it was error for the trial court to sustain the amended demurrer to the amended complaint and dismiss the action.

The judgment is reversed with directions to vacate the judgment, overrule the amended demurrer and proceed therefrom in the premises. Costs awarded to appellants.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.