460 P.2d 393

**Hawley R. CARLSON, Plaintiff-Appellant,**

**v.**

**ESTATE of Fern K. Kauer CARLSON, Deceased, and Lorin Kauer and Erma Kauer, Executors of the Estate of Fern K. Kauer Carlson, Deceased, Defendants-Respondents.**

No. 10425.

Supreme Court of Idaho.

Oct. 23, 1969.

Richard R. Black, Pocatello, for plaintiff-appellant.

Mary Smith and W. Lloyd Adams (deceased), Rexburg, for defendants-respondents.

McFADDEN, Chief Justice.

Hawley R. Carlson, the plaintiff-appellant, instituted this action seeking judgment against the estate of Fern K. Kauer Carlson, his deceased wife. In his complaint he alleged that he and the decedent were husband and wife until her death on September 1, 1965; that the defendants

Lorin Kauer and Erma Kauer are the executors of his deceased wife's estate, her will having been admitted to probate in the probate court of Lemhi County; that during her lifetime the decedent became indebted to him for moneys loaned, and goods and services furnished at her specific request, and upon her agreement to repay the debts with interest. The complaint further alleged the filing of a creditor's claim, a copy of which was attached to the complaint, which the defendant executors rejected.

An answer was filed by the defendant-respondent executors admitting the marriage of the appellant and decedent, admitting decedent's death, and admitting their appointment as executors of the estate. They also admitted the timely filing of the claim by appellant against the estate and their rejection of the claim, but denied that the decedent became indebted to the appellant. No affirmative defenses were interposed by the answer.

Respondents moved for summary judgment, asserting that there was no genuine issue as to any material facts and that they were entitled to judgment as a matter of law. Appellant filed a "pre-trial" statement of their position in the case. Respondents submitted a "Position Paper on Pre-trial Hearing," in which they assert that no evidence could be submitted by appellant in support of his claim by reason of the provisions of I.C. § 9–202. The appellant filed an affidavit asserting that he expected to prove his claim, not by his testimony, but by testimony of others.[1] On the basis of the record then before it, the trial court granted summary judgment, and this appeal resulted.

The allegation of the complaint that during her lifetime the decedent became indebted to appellant for moneys loaned and goods and services furnished, which allegation was denied by the respondent's answer, presents an issue of fact. I.C. § 9–202(3) does not preclude all proof that could be submitted on this issue of fact by appellant. That statute by its terms only prohibits "Parties * * * to an action or proceeding * * * against an executor or administrator, upon a claim or demand against the estate of a deceased person, [from testifying] as to any communication or agreement, not in writing, occurring before the death of such deceased person." It does not prohibit others from testifying as to the facts. Quayle v. Mackert, 92 Idaho 563, 447 P.2d 679 (1968); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969). In this latter case, on an argument to sustain the granting of a summary judgment, a similar contention was presented that a claimant was barred from proving a claim against an estate. In answer to such contention, this court stated:

> "Possibly the appellants will fail in a trial of the merits, but that question is not now before us. It is not intended in this opinion to express any conclusion as to the admissibility of any evidence or as to the validity of the appellants' claim. We hold only that the respondents, having failed to prove the absence of any genuine dispute of fact, were not entitled to summary judgment on appellants' second cause of action. In any event, it is well settled that the possibility that the party opposing summary judgment might not prevail at trial is not sufficient to authorize a summary judgment against him. (citing cases)" 92 Idaho at 795, 451 P.2d at 541.

Respondents argue that although there might be an issue of fact as to the existence of the debt, the appellant's creditor's claim is legally insufficient in form and the summary judgment should be affirmed for that reason. It is fundamental that a party cannot maintain an action on a creditor's claim in the district court unless the claim

1. This affidavit ignored the explicit provisions of I.R.C.P. 56(e) that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

has been first presented to the executors in substantial compliance with the statute (I.C. § 15–601 et seq.) and rejected. 3 Bancroft's Probate Practice § 889, p. 723 (2d ed. 1950); Flynn v. Driscoll, 38 Idaho 545, 223 P. 524, 34 A.L.R. 352 (1924). The respondents argue that the claim was defective in that it was not supported by the required vouchers or by any note or contract. The statute, however, does not require vouchers unless they are requested by the executors. I.C. § 15–605. A note or contract need not be attached to the claim unless the claim is based upon a written note or contract. I.C. § 15–608. See also Nagele v. Miller, 72 Idaho 24, 236 P.2d 722 (1951).

This court has repeatedly stated that a claim against an estate need not be drafted with the precision of a complaint, but rather it is sufficient if it indicates the nature and amount of the demand in such a manner that the executors and probate court can act advisedly on it. Nagele v. Miller, 72 Idaho 24, 236 P.2d 722 (1951); Furst & Thomas v. Elliott, 56 Idaho 491, 56 P.2d 1064 (1936); Dowd v. Estate of Dowd, 62 Idaho 157, 108 P.2d 287 (1940). See also Annot. 74 A.L.R. 368. The law is well settled that if there is any uncertainty in a claim filed against an estate, it is incumbent upon the executors to call for clarification. Syler v. Katzer, 12 Cal.2d 348, 84 P.2d 137, 119 A.L.R. 422 (1938); Jones v. Arkansas Farmers Ass'n, 232 Ark. 186, 334 S.W.2d 887 (1960); 31 Am.Jur. 2d, Executors and Administrators, § 298, p. 151. If the executor wishes to rely upon a formal defect in the claim, he should make his objection upon this ground known to the claimant in time to allow the claimant to file an amended claim prior to the expiration of the time allowed for filing. 31 Am. Jur.2d, Executors and Administrators, § 298, p. 151; Jones v. Arkansas Farmers Ass'n, supra. The failure of the executor seasonably to raise an objection to the form of the claim constitutes a waiver of the right to rely upon formal defects in re-

jecting the claim. Jones v. Arkansas Farmers Ass'n, supra; Syler v. Katzer, supra; Gladman v. Carns, 9 Ohio App.2d 135, 223 N.E.2d 378 (1964); 31 Am.Jur.2d, Executors and Administrators, § 298 p. 151; Annot. 74 A.L.R. 368 at 381. This does not mean that when suit is brought on the rejected claim the claimant is relieved of the obligation of proving the validity of his claim. The respondents will have an opportunity at trial to dispute the existence of the debt and to call for a clarification of the nature of the claimant's demand.

In the present case the sufficiency of the appellant's claim was never challenged in the court below. No ground for rejection was stated when the executors rejected the claim in February 1968. There was no request for clarification and the formal sufficiency of the claim was not pleaded in the respondents' answer in the district court. Under such circumstances the respondents have waived the formal insufficiency, if any, of the claim. See Jones v. Arkansas Farmers Ass'n, supra; Gladman v. Carns, supra; Frost v. Frost, 100 N.H. 326, 125 A.2d 656 (N.H.1956); Central Optical Merchandising Co. v. Lowde's Estate, 249 Miss. 61, 160 So.2d 673 (Miss.1964); 31 Am.Jur.2d, Executors and Administrators, § 298, p. 151; Annot. 74 A.L.R. 368 at 381.

In summary, there is a genuine issue of material fact as to the existence of the debt alleged by the appellant and the creditor's claim appears to meet the tests of sufficiency established by the statutes and decisions of this court. Moreover, the respondents have waived the right to rely upon any formal defects to defeat the appellant's claim.

The summary judgment is reversed and the cause remanded to the district court. Costs to appellant.

McQUADE, DONALDSON and SHEPARD, JJ., and MARTIN, District Judge, concur.