493 P.2d 699

**LEWISTON MANOR, INC., a corporation, Plaintiff-Appellant.**

v.

**Jerry V. SMITH, Executor of the Estate of John B. Bashor, deceased, Defendant-Respondent.**

**No. 10924.**

Supreme Court of Idaho.

Feb. 7, 1972.

———◆———

Ware, Stellmon & O'Connell, Lewiston, for plaintiff-appellant.

Jerry V. Smith, pro se.

McQUADE, Chief Justice.

This is an action first commenced in the district court and the facts were stipulated to by counsel prior to submitting the case to the trial court for conclusions of law and judgment. The appellant is an Idaho corporation operating a nursing home facility at Lewiston, Idaho, known as Lewiston Manor. The respondent is the executor of the estate of the decedent, John B. Bashor.

John B. Bashor was a patient at Lewiston Manor from January 10, 1969 to the date of his death on June 10, 1969. That stay was interrupted when he was admitted to St. Joseph's Hospital in Lewiston on May 9, 1969. Bashor was discharged on May 19th and returned to the Manor.

At the time of Bashor's death, Lewiston Manor had a pending claim with Medicare (for $1,041.64) which was to cover the major portion of the care afforded Bashor by the Manor. A smaller creditor's claim for the amount thought not to be covered by Medicare ($757.03) was filed with the executor appointed by the probate court of Nez Perce County against the estate of Bashor on July 16, 1969. It was stipulated that the amount of this smaller claim represented the total reasonable value of all services rendered less such amounts as may actually have been received on account and less Medicare payments for which a claim had been filed with federal government authorities and which were anticipated to be received by the Manor and applied by it as a credit on the account of Bashor.

The first publication by the executor of his notice to creditors was on July 30, 1969.

Subsequently, it was determined that Bashor was not entitled to Medicare coverage for any of the time he spent at the Manor. In August, 1969, Lewiston Manor, which at that time was not represented by counsel, mailed to the executor a "Corrected Statement" of its account to reflect those items that would not now be paid by Medicare as previously anticipated totaling $1,798.67.

I.C. § 15–602 requires that the time expressed in the notice to creditors to file

claims against the estate be four months from its first publication which would make the deadline for claims November 30, 1969. The executor took no action and gave no notice regarding the status of the corrected statement. Apparently since no action had been taken on the corrected statement, the claimant notified the executor on January 17, 1970, that the appellant intended the corrected statement of account mailed in August, 1969, as an amendment to the claim filed July 16, 1969. Although he did not deny receiving the claimant's statement, he questioned the sufficiency of the corrected statement of the account as a claim.

On January 19, 1970, respondent executor formally notified appellant that Lewiston Manor's corrected statement of account for the additional amount was unacceptable as a claim. The letter from the executor went on to state that:

"I regret that the statement did not come to my attention when it was mailed to me for in such case I would have, in all probability, sent you a claim form and requested that you submit it to me in proper form, however, I overlooked it and did not call this to your attention."

On February 23, 1970, Lewiston Manor filed an amended creditor's claim which was the same as the rejected corrected statement except that this claim was separately verified. This claim was rejected by the executor on the same day for the reason that the claim had not been filed within the statutory period of time.

It was further stipulated that the sum of $1,798.67 reflected on the corrected statement represented the reasonable value of the services which were in fact rendered by the Lewiston Manor to John B. Bashor. The executor has paid $757.03 of that amount, leaving an unpaid balance of $1,041.54. The estate of John B. Bashor is solvent and has sufficient funds on hand to pay that balance should this Court determine that Lewiston Manor is entitled to it.

The district court concluded that:

"Every claim which is due when presented to the executor or administrator must be supported by the affidavit of the claimant, and it is necessary under the laws of the state of Idaho to file a creditor's claim against an estate for the expenses of last illness. The defendant cannot lawfully pay the portion of plaintiff's demand not included in the creditor's claim filed in said estate. Therefore, defendant is entitled to judgment."

From the judgment in favor of defendant, appellant has appealed to this Court assigning error to the above conclusion of law and the resulting judgment.

This Court recently stated in Carlson v. Estate of Carlson:[1]

"The law is well settled that if there is any uncertainty in a claim filed against an estate, it is incumbent upon the executors to call for clarification. [Citing authority.] If the executor wishes to rely upon a formal defect in the claim, he should make his objection upon this ground known to the claimant in time to allow the claimant to file an amended claim prior to the expiration of the time allowed for filing. [Authority cited.] The failure of the executor reasonably to raise an objection to the form of the claim constitutes a waiver of the right to rely upon formal defects in rejecting the claim." [Citing authority.] * * *"

The stipulated facts of this case indicate that the corrected statement was intended to be an amendment of the original verified claim. The amount of the total claim sought is not in dispute.

We extend the thrust of *Carlson, supra,* and hold that the failure of the executor seasonably to raise an objection to the form of a statement intended to be a timely

1. 93 Idaho 258, 260, 460 P.2d 393, 395 (1969).

amendment to a properly verified claim, constitutes a waiver of the right to rely upon formal defects in rejecting the claim.

Judgment reversed. Costs to appellant.

McFADDEN, DONALDSON and SHEPARD, JJ., and COGSWELL, D. J., concur.