**STRONG BROS. ENTERPRISES, INC., Plaintiff-Appellee,**

v.

**The ESTATE OF Frank Albert STRONG, Jr., Deceased, Defendant-Appellant.**

No. 82CA0512.

Colorado Court of Appeals, Div. I.

Feb. 3, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied July 5, 1983.

Sherman & Howard, Kenneth B. Siegel, Peter B. Nagel, Denver, for plaintiff-appellee.

Skelton, Oviatt & O'Dell, Carolyn R. Miller, Wheat Ridge, for defendant-appellant.

STERNBERG, Judge.

The probate court granted a petition for allowance of a claim to a creditor of the estate of Frank Albert Strong, Jr., notwithstanding the failure of the petitioner to comply strictly with the relevant sections of the Probate Code. The estate appeals and we affirm.

The claim was based on a stock redemption agreement executed by the decedent and the predecessor corporation of the petitioner, Strong Brothers Enterprises, Inc. (the Corporation), whereby the Corporation repurchased all of the decedent's stock in the Corporation. The agreement provided, *inter alia,* that the two parties to the agreement would share equally in any tax liability or benefit incurred by the Corporation prior to November 30, 1977. At the time of the agreement, decedent and his brother Charles were the sole shareholders of the Corporation. Following consummation of the redemption agreement, Charles became the sole stockholder.

The Corporation was notified by the Internal Revenue Service that the federal income tax return for its taxable year ending February 28, 1978, would be audited and was requested also to make available returns for the years 1976 and 1977. The attorney for the personal representative of decedent's estate was notified of the impending audit by letter from the Corporation's attorney dated December 26, 1978. That letter enclosed copies of the letter from the IRS and the provision of the redemption agreement wherein tax liability was to be shared by the parties. The letter itself referred to the agreement to share

liability, although the parties were denominated by the personal nicknames "Chuck & Al," rather than as the Corporation and decedent.

When the personal representative did not respond to the letter, the Corporation petitioned the court for allowance of its claim. The petition alleged that notice of the claim had been mailed to the attorney for the estate; that that attorney had participated in negotiations regarding proposed assessments of income tax deficiencies with respect to taxable years ending on or before November 30, 1977; that the personal representative intended not to honor the decedent's obligation under the agreement; and that decedent's will expressly directed his personal representative to comply with the agreement.

In response, the estate filed a motion to dismiss the claim for lack of jurisdiction. The estate relied on §§ 15–12–803(1) and 15–12–804(1), C.R.S.1973, which set forth the time and manner for establishing a claim, arguing that strict compliance with the statute was a jurisdictional prerequisite to bringing a claim.

By affidavit, the Corporation asserted that the attorney for the personal representative had negotiated the redemption agreement. This fact was also mentioned by the Corporation during the hearing on the motion. The estate's attorney stated in rebuttal that she assumed that to be true, but questioned its relevance. This fact was among those found by the trial court, as was the fact that the attorney for the personal representative had communicated with the Corporation regarding the status of the audit.

The court allowed the claim. It concluded that the contents of the letter were adequate to inform the estate of the nature of the claim and any contingency, and that the claim was properly presented by notice to the attorney for the personal representative of the estate, by virtue of that attorney's authority to act for the personal representative. We agree with these conclusions.

The time limitation for presenting a claim is jurisdictional. *In re Estate of Daigle,* 634 P.2d 71 (Colo.1981); *In re Estate of Randall v. Colorado State Hospital,* 166 Colo. 1, 441 P.2d 153 (1968). As these cases explain, such a rule is necessary to promote the speedy and efficient settling of estates. In order to preserve the finality of distributions of the estate, § 15–12–803(1)(a), C.R. S.1973 (1982 Cum.Supp.) creates a jurisdictional bar to untimely claims. *In re Estate of Daigle, supra.* The period for presentation of claims expired on February 8, 1979, and the letter was mailed on January 26, 1978. Thus, if the letter to the attorney for the personal representative is not deemed sufficient notice, the claim would be barred as untimely.

A similar strict construction of the statute specifying the manner in which claims are to be presented, § 15–12–804(1), C.R.S.1973, is not necessary to promote the purposes of the Probate Code and, indeed, would exalt form over substance to the detriment of legitimate claims without any corresponding furtherance of the goals of speedy and efficient distribution. That statute provides:

"A claimant against a decedent's estate may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made."

■ The estate contends the content of the letter did not satisfy the statute. While the letter to the attorney of the personal representative may not have been sufficiently clear to explain the nature of the claim to a stranger to the transaction, we are not dealing with such a situation here. The parties were known to one another, the claimant being a family corporation, and the attorney for the personal representative had participated in drafting the agreement in question, had represented the decedent, and had dealt with the Corporation on other matters. The letter itself stated that it was related to business of the corporation, included an excerpt from the stock redemption agreement and the letter from the IRS. The letter made mention of the agreement to share liability or benefits from the not unanticipated tax audit.

Under these circumstances, the conclusion is inescapable that the letter gave the attorney adequate notice of the claim. However, the question remains as to whether notice in this form satisfies the requirements of the statute. In this respect, we note the expression of the legislative intent that the code be liberally construed and applied to promote its underlying purposes and policies, *i.e.,* to simplify and clarify the law and to promote a speedy and efficient system for settling an estate. Section 15–10–102, C.R.S.1973.

Moreover, because the word "may" rather than "shall" is used in the first sentence of the statute, we conclude that there is no clear and unambiguous legislative directive that the statute be interpreted in a mandatory manner. *See Tompkins v. DeLeon,* 197 Colo. 569, 595 P.2d 242 (1979).

■ On the contrary, both the General Assembly's rules for statutory construction, § 2–4–201(1)(c), C.R.S.1973, and case law, *see, e.g., People v. Silvola,* 190 Colo. 363, 547 P.2d 1283 (1976), direct that statutes be interpreted to achieve a reasonable result and to avoid an unjust one. The contents of the letter in question provided reasonable notice of the claim; the statute, § 15–12–804(1), C.R.S.1973, requires no more.

■ Based on somewhat similar reasoning we also hold that the notice to the attorney for the personal representative satisfied the requirement of notice to the personal representative. As a necessary corollary to his function as attorney for the personal representative, we conclude that that attorney had authority to receive notice of a creditor's claim on behalf of the personal representative.

■ Under the law of agency, notice to an agent is constructive notice to the principal. *Merchants' Mutual Fire Insurance Co. v. Harris,* 51 Colo. 95, 116 P. 143 (1911). In *Wilson v. Culbertson,* 41 Or.App. 475, 599 P.2d 1163 (1979), the personal representative's attorney received notice of a creditor's claim and the estate argued the claim was barred because the statute required claims to be presented to the personal representative. That court held that even though the claim was made indirectly, rather than directly, all the purposes of the statute were accomplished. In *In Re Estate of Clark,* 11 Ohio Misc. 103, 229 N.E.2d 122 (1967), the Ohio statute provided that notices shall be sent to the attorney but did not give specific authority to receive claims. The court decided the question by applying the rules of agency, and ruled that where the attorney's appointment was in general language and his authority not restricted, the personal representative should be charged with notice to the attorney.

Applying these concepts here, the letter satisfied the requirement that the personal representative receive notice of the claim. Although not in strict compliance with the statute, on these facts it was sufficient to accomplish its purpose, and therefore, the claim could properly be deemed to have been submitted. And, requiring only substantial compliance with the notice provision preserves the bargained-for obligation of the parties without interfering with a speedy and final distribution of the estate.

The judgment is affirmed.

COYTE and KIRSHBAUM, JJ., concur.