Kip QUINN, Personal Representative of the Estate of Dawana W. Quinn; and the Estate of Dawana W. Quinn, Plaintiffs and Respondents,

v.

Estate of Fenton Glade QUINN; and Fenton Quinn, Jr., Personal Representative of the Estate of Fenton Glade Quinn, Defendants and Appellants.

No. 880504–CA.

Court of Appeals of Utah.

April 18, 1989.

B. Kent Ludlow, Richard K. Hincks, Chris L. Schmutz, Salt Lake City, for defendants and appellants.

Robert M. Felton, Salt Lake City, for plaintiffs and respondents.

Before GARFF, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Defendant Fenton Quinn, Jr. ("Fenton"), personal representative of the estate of Fenton Glade Quinn, appeals from a judgment awarding wrongful death damages in an action filed by plaintiff Kip Quinn ("Kip"), personal representative of the estate of Dawana Quinn. We affirm.

## FACTS

Dawana Quinn died from a gunshot wound inflicted by her husband, Fenton Glade Quinn. He died immediately thereafter as the result of a self-inflicted gunshot wound. Theirs was a second marriage, with each having children by prior

marriages. Their respective heirs are the adversaries in this lawsuit. After the murder-suicide, Kip was appointed personal representative of the estate of his mother, Dawana, and Fenton was appointed personal representative of the estate of his father, Fenton Glade. After Fenton published notice to creditors of his father's estate, Kip presented a timely written claim to Fenton in the amount of $650,000, which Fenton timely denied in writing. Thereafter, Kip filed this lawsuit within the prescribed period as personal representative of Dawana's estate and ultimately recovered damages for the wrongful death of his mother.

During the course of the proceedings, Fenton filed a motion to dismiss. He argued that Kip's action was barred because the probate claim did not "sufficiently identify both its basis and its claimant" in accord with Utah Code Ann. § 75–3–804 (1978). The trial court denied Fenton's motion without stating any reasons.

The issue we must decide is whether the wrongful death action was barred for failure to present an adequate written statement of claim in compliance with Utah Code Ann. §§ 75–3–803, –804 (1978). On appeal, we review the ruling on this question of law for correctness, with no particular deference to the trial court. *See, e.g., Creer v. Valley Bank & Trust Co.,* 770 P.2d 113 (Utah 1988); *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1378 (Utah 1987).

## BASIS OF CLAIM

■ Utah's version of the Uniform Probate Code sets forth two methods of presenting claims to an estate. First, the claimant may "deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed...." Utah Code Ann. § 75–3–804(1)(a) (1978). Alternatively, the claimant may commence a court action against the personal representative of the estate. Utah Code Ann. § 75–3–804(1)(b) (1978).

A prefatory section of the Utah Uniform Probate Code states that it "shall be liberally construed and applied to promote its underlying purposes and policies," one of which is the promotion of "a speedy and efficient system for administering the estate of the decedent and making distribution to his successors." Utah Code Ann. § 75–1–102(1), (2)(c) (1978). The relationship between identical provisions of the Colorado Probate Code was analyzed in *Strong Bros. Enters. v. Estate of Strong,* 666 P.2d 1109 (Colo.Ct.App.1983). After stressing the need to observe strictly the time limitations applicable to the filing of claims against an estate, the Colorado court held that

> similar strict construction of the statute specifying the manner in which claims are to be presented ... is not necessary to promote the purposes of the Probate Code and, indeed, would exalt form over substance to the detriment of legitimate claims without any corresponding furtherance of the goals of speedy and efficient distribution.

*Id.* at 1111. *See also Tangren v. Snyder,* 13 Utah 2d 95, 368 P.2d 711 (1962) (applying liberal construction rule to requirements of the content of a claim against estate under prior statute).

In *Dementas v. Estate of Tallas,* 764 P.2d 628 (Utah Ct.App.1988), the claim filed was for $50,000 pursuant to a document executed by the deceased which was appended to the claim. The estate's personal representative argued that the claim gave adequate notice of a *quantum meruit* theory but not of an "account stated" theory of recovery. We rejected this unduly restrictive view of the requirements for presenting valid claims, noting that the last part of section 75–3–804(1)(a) itself disavows undue precision in the framing of such claims. *Id.* at 630. Dementas's claim was found sufficient under the statute when measured against a "notice-pleading" standard that would have applied if he had chosen to proceed directly with a court action under section 75–3–804(1)(b). *Id.* "If a claim acquaints a personal representative with a specific amount allegedly due and the general nature of the obligation,

the purpose of the statute has been satisfied." *Id.*

Here, Kip's written claim for $650,000 stated, with our emphasis, "The basis of this claim is that on or about May 24, 1984, Fenton G. Quinn caused the *Death of Dawana W. Quinn* and that said action was done in a willful and malicious manner with the premeditated attempt to cause the *death of Dawana W. Quinn.*" It also stated that the exact amount of the claim "as a result of decedent's actions" would have to be determined at trial. Fenton argues that Kip's claim gave adequate notice of a personal injury action, which survived the death of Dawana and Fenton Glade by virtue of Utah Code Ann. § 78–11–12 (1987), but failed to give notice of an action based on the wrongful death of an adult, under Utah Code Ann. § 78–11–7 (1987), because "wrongful death" was not clearly specified. Thus, Fenton argues that Kip was precluded from filing an action to recover damages resulting from the wrongful death of Dawana Quinn.

Fenton argues that Kip's claim should have specified one of the two statutes as the basis of the claim and not left him guessing as to which he would defend when the matter came to trial. However, like the personal representative in *Dementas*, 764 P.2d at 630, Fenton had all the information he needed to investigate the claim and decide whether to pay it, fight it, or settle it. Accordingly, "[i]t is inconsequential that the claim did not articulate particular legal theories upon which payment of the claim would most appropriately be premised." *Id.* at 630–31.

Section 75–3–804(1)(a) does not require the claim to be drafted with more precision than a civil complaint. "It would be anomalous to conclude that a claimant who opts for the less formal method of asserting a claim pursuant to § 75–3–804 must give more detailed notice than would be required in an adequate complaint." *Dementas*, 764 P.2d at 630. Under a notice-pleading standard, an adequate complaint is one that affords "fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved."[1] *Gill v. Timm*, 720 P.2d 1352, 1353 (Utah 1986) (quoting *Blackham v. Snelgrove*, 3 Utah 2d 157, 280 P.2d 453, 455 (1955)).

■ We hold that Kip's claim was sufficient for purposes of section 75–3–803 and section 75–3–804(1)(a) insofar as it gave Fenton fair notice that the estate was facing a sizeable tort claim, that the basis of the $650,000 claim was the death of Dawana at the hands of Fenton Glade, and that a trial would be necessary to fix the exact amount of liability if he decided not to approve or compromise the claim. Fenton, as personal representative, had those facts to take into account as he acted on all claims, thus furthering his speedy and efficient administration and distribution of the estate.[2] Because he was adequately advised of the basis of this claim and the likely amount, he could make an informed decision concerning the effect his action on it would have on the administration of the estate as a whole. Sections 75–3–803 and –804 should be applied to facilitate settlement of estates without unduly restricting

---

1. When a complaint is indefinite or vague as to either factual allegations or legal theory, such that a party cannot reasonably be required to frame a responsive pleading, our rules permit that party to file a motion for a more definite statement. *See* Utah R.Civ.P. 12(e). Should we require less of a personal representative who thinks a probate claim is indefinite? "The law is well settled that if there is any uncertainty in a claim filed against an estate, it is incumbent upon the executors to call for clarification." *Carlson v. Estate of Carlson*, 93 Idaho 258, 460 P.2d 393, 395 (1969). Otherwise, the personal representative cannot properly perform his statutory duties for the estate.

2. Furthermore, as the Colorado court noted in *Strong Bros.*, 666 P.2d at 1112, the information known by the personal representative beyond that contained in the claim itself was relevant to the sufficiency of the notice provided by the claim: "While the letter to the attorney of the personal representative may not have been sufficiently clear to explain the nature of the claim to a stranger to the transaction, we are not dealing with such a situation here." *Id.* Likewise, Fenton had as much essential information as Kip concerning Dawana's wrongful death and the factual foundation for the claim, and he had personal knowledge of her heirs.

the rights of timely claimants who in good faith endeavor to comply with the requirements of the statute.

### CLAIMANT'S NAME AND ADDRESS

Fenton's second argument is that Kip did not sufficiently indicate the name and address of the claimant, as required by section 75–3–804(1)(a), because Kip presented the claim in his capacity as personal representative, without naming each individual heir of Dawana's estate. He contends that a wrongful death action must be brought in the names of the heirs; thus, they should have been named or identified in Kip's claim. However, the so-called wrongful death statute, titled "Death of Adult—Suit by heir or personal representative," specifically provides that a damage action against a person who causes the death of an adult may be maintained by the decedent's "heirs, *or* his personal representatives for the benefit of his heirs." Utah Code Ann. § 78–11–7 (1987) (emphasis added).

We presume that the purpose of the section requiring the name and address of the claimant is to prevent duplication of claims and protect the personal representative from paying the same claim more than once. *See Switzer v. Reynolds*, 606 P.2d 244, 246 (Utah 1980) (full value of the life of deceased to the heirs must be determined and recovered in a *single* wrongful death action). This concern is also reflected in section 78–11–7, which cautions that, if the deceased had a guardian at the time of death, "only one action can be maintained for the injury to or death of such person." Accordingly, as between an existing guardian of the deceased and a newly-appointed personal representative, either can bring an action for the benefit of the heirs, but not both. *See Switzer*, 606 P.2d at 246.

Fenton relies heavily on the fact that the claim stated Kip was acting on behalf of the estate of Dawana, not for her heirs. However, Fenton knew who her heirs were, and her estate belongs to them. Under these circumstances, there was no danger that, unknown to Fenton, he would honor duplicate claims to the detriment of his father's estate and heirs. Fenton was sufficiently aware of the real parties in interest represented by Kip. Furthermore, Rule 17(a) of the Utah Rules of Civil Procedure, which requires that an action be prosecuted in the name of the real party in interest, also provides: "An executor, administrator ... or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." *See Shaw v. Jeppson*, 121 Utah 155, 239 P.2d 745, 748 (1952) (defendant is entitled to have action prosecuted by real party in interest in order to preclude separate action on the same demand by another). If a personal representative can file a civil action in his own name for the benefit of others, without joining those others, we should not impose a more rigid "name" requirement for filing a less formal statement of claim under section 75–3–804.

### CONCLUSION

We hold that Kip's "Claim Against Estate" complied with the requirements of sections 75–3–803 and –804 and provided adequate notice of the wrongful death claim. The trial court thus properly denied Fenton's motion to dismiss.

The judgment of the trial court is affirmed.

GARFF and GREENWOOD, JJ., concur.