**In the Matter of the ESTATE OF George W. RIENKS, a/k/a George W. Rienks, Jr., Deceased.**

**Robert R. LYNDE, Petitioner–Appellant,**

**v.**

**Margaret RIENKS, Objector–Appellee.**

**No. 91CA0004.**

Colorado Court of Appeals, Div. III.

Dec. 3, 1992.

James D. Evans, P.C., James D. Evans, Aurora, for petitioner-appellant.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for objector-appellee.

Opinion by Judge SMITH.

Petitioner, Robert Lynde, appeals the judgment of the probate court dismissing his petition for the appointment of Margaret Rienks (Rienks) as personal representative of the estate of her deceased husband, George. We affirm.

The facts are not in dispute. In 1980, Lynde purchased controlling shares in a Colorado corporation from George and Margaret Rienks. In October 1987, George died testate. In his will, he designated his wife as personal representative and sole beneficiary of his estate. The following spring, a California court ordered that decedent's property be distributed to Rienks without admitting the will to probate. As a result, the decedent's estate was not "opened," nor was a personal representative appointed to oversee its administration.

Approximately two years after decedent's death, Lynde filed the petition at issue here, seeking to have the probate court "open" an estate for decedent and formally appoint Rienks the estate's personal representative. At the hearing on Lynde's petition, Rienks objected to the proposed appointment arguing, in essence, that Lynde was neither a creditor nor an interested party of the estate and, thus, lacked standing to petition for the opening of the estate.

However, a special administrator was appointed pursuant to § 15–12–614, C.R.S. (1987 Repl.Vol. 6B) to investigate the jurisdictional issue which Rienks' objection had raised. Before the special administrator, Lynde argued that he was, indeed, a creditor and interested party of the estate by virtue of a letter he had written to Rienks in December 1987, expressing his desire to renegotiate the terms of the 1980 purchase and sale.

The special administrator disagreed, however, finding and concluding that the letter did not "constitute presentation of a claim in a manner contemplated by the Colorado Probate Code." Consequently, Lynde's "claim," if any, was untimely, disqualifying him as a creditor and interested party of the estate.

The probate court subsequently adopted the special administrator's report and, without addressing the issue of whether the content of the letter was sufficient to state a claim, dismissed Lynde's petition.

I.

On appeal, Lynde challenges the propriety of the probate court's findings and conclusions, in particular, its conclusion that his letter to Rienks did not constitute a proper presentation. We perceive no error.

Section 15–12–804(1), C.R.S. (1987 Repl. Vol. 6B) details the procedure for the presentation of claims to a decedent's estate. It provides in pertinent part:

A claimant against a decedent's estate may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court.

■ In sum, a claimant has two options. He may elect to file his claim with the clerk of the court. Alternatively, he may elect to mail or deliver his claim to the personal representative of the estate. *See* Costello, *Creditors' Claims*, 13 Colo.Law. 1399 (Aug.1984).

■ Presentment is critical to a creditor's claim in that a *proper* presentment will stop the running of § 15–12–803(1), C.R.S. (1992 Cum.Supp.). *Crowley v. Farmers State Bank*, 109 Colo. 146, 123 P.2d 407 (1942); H. Parks, *Colorado Probate Practice Manual* § 16.3 (1976). This nonclaim statute raises a jurisdictional bar to all claims asserted after its expiration which, in this case, is one year from decedent's death. *Strong Brothers Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.App.1983).

Here, Lynde concedes that he never filed his letter, or claim, with the clerk of the

court, thus eliminating one option for presentment under § 15–12–804(1).

Lynde's argument rests on the interpretation of the statutory alternative, that is, presentation by mail or delivery to "the personal representative." In that the petition giving rise to this lawsuit seeks Rienks' formal appointment as personal representative, Lynde does not argue that Rienks was an appointed representative at the time the letter was mailed and delivered. The crux of Lynde's argument is, rather, that one designated or nominated as personal representative in a will is, in effect, the "personal representative" for the purposes of § 15–12–804(1). We disagree.

We acknowledge that the term "personal representative" is undefined in § 15–12–804, C.R.S. (1987 Repl.Vol. 6B). The statute, however, is part of a comprehensive legislative scheme, the basic purpose of which is to simplify and clarify the law dealing with the administration of a decedent's estate and to promote a speedy and efficient system for settling the estate. Section 15–10–102, C.R.S. (1987 Repl.Vol. 6B); *Strong Bros. Enterprises, Inc. v. Estate of Strong, supra.* The term must, thus, be construed in light of this purpose and in harmony with other legislation relating to the same subject matter. *See generally Huff v. Tipton,* 810 P.2d 236 (Colo. App.1991).

Viewed in light of the foregoing principles of statutory construction, we conclude that Lynde's interpretation of § 15–12–804 cannot prevail.

■ The basis for our conclusion is twofold. First, under the Probate Code, § 15–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B), one who is designated or nominated personal representative in the will may, or may not, be subsequently appointed as such by the court. Specifically, § 15–12–103, C.R.S. (1987 Repl.Vol. 6B) conditions appointment on *qualification,* a discretionary *judicial* determination. *See* § 15–12–601, et seq., C.R.S. (1987 Repl.Vol. 6B); *Jackson v. Bates,* 133 Colo. 248, 293 P.2d 962 (1956). It likewise depends on the willingness of the designated person to serve. Hence,

one merely designated personal representative by will, while possessing priority for appointment, *see* § 15–12–203(1)(a), C.R.S. (1987 Repl.Vol. 6B), may not necessarily *be* appointed.

■ Second, under the Probate Code, the consequences of a person's status as "designated" versus "appointed" personal representative are significant. Indeed, § 15–12–701, C.R.S. (1987 Repl.Vol. 6B) expressly provides:

> The duties and powers of a personal representative *commence* upon his appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. *Prior to appointment, a person named executor in a will may carry out written instructions of the decedent relating to his body, funeral, and burial arrangements.* A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative. (emphasis added)

In short, in the absence of appointment, the duties and powers of a "designee" for the office of personal representative extend *no further than* the limited ministerial tasks set forth above.

■ The overall effect of these interrelated provisions on § 15–12–804(1) is that a claim presented to a designee for the office of personal representative is a claim presented to one who has no authority to act on behalf of the estate *unless and until* he or she is deemed qualified and is appointed by the court. Any other interpretation of a designee's authority would create uncertainty, confusion, and delay in the administration and the settlement of a decedent's estate, *all* consequences which directly conflict with the Probate Code's basic purpose to promote simplicity and efficiency in these matters. For this reason, we decline to adopt Lynde's interpretation of § 15–12–804(1).

■ We are cognizant of the "relation back" authority granted to personal representatives under § 15–12–701, C.R.S. (1987 Repl.Vol. 6B). However, if, as here, no personal representative has *ever* been appointed, this authority is insufficient to authorize a mere designee to accept presentment pursuant to § 15–12–804(1).

■ Accordingly, we hold that, in order to simplify and clarify the law of estate administration and to promote a speedy and efficient system of settling estates, § 15–12–804(1) requires that a claim against a decedent's estate, if not filed with the clerk of the court, must be mailed or delivered to a personal representative who has already been formally appointed by order of the court.

■ Here, Rienks never sought, undertook, or obtained such an appointment, and hence, Lynde's letter to her was not a proper presentment which tolled or "stopped" the running of the nonclaim statute. Consequently, Lynde's claim was untimely, and thus, he did not occupy the status of being a creditor and interested party which is necessary for one who seeks the formal appointment of a personal representative.

Lynde contests this interpretation of § 15–12–804(1) on several grounds.

First, he asserts that the interpretation we here adopt is unjust and unfair. However, under the Probate Code, Lynde had several options available to him which he admittedly did not pursue. First, as previously discussed, Lynde had the option to present his claim to the court. *See* § 15–12–804(1). Second, Lynde could have petitioned for appointment as personal representative any time up to 45 days after decedent's death. And, upon appointment, he could have then presented his claim to himself as personal representative. *See* § 15–12–203(1)(f), C.R.S. (1987 Repl.Vol. 6B); *In re Estate of Wickham*, 670 P.2d 452 (Colo.App.1983). In light of these options, we conclude that our interpretation of § 15–12–804(1) has neither an unjust nor unfair result.

Lynde further argues that the interpretation we reach is contrary to *Strong Bros. Enterprises, Inc. v. Estate of Strong, supra*, which holds that § 15–12–804 should be liberally construed. The present situation, however, is unlike the circumstances present in that case. There, a personal representative *had* been appointed and presentation of the claim was to his attorney. Applying agency law, the *Strong* panel concluded that delivery to the attorney satisfied the statute. Here, there was, and still is, no personal representative of decedent's estate. Thus, there is no relationship to "link" a delivery to Rienks to delivery to the personal representative. Hence, we conclude that this argument, too, is without merit.

Accordingly, we hold that the trial court did not err in dismissing the petition.

## II.

In light of our holding above, we conclude, as did the probate court, that it is unnecessary to resolve the issue of whether the letter to Rienks qualified as a written statement of claim under § 15–12–804.

The judgment is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.