**In the Matter of the ESTATE OF Veronica C. ONGARO, Deceased.**

**Denver Water Department Credit Union, Claimant-Appellant,**

v.

**The Estate of Veronica C. Ongaro, Respondent–Appellee.**

**No. 97CA0041.**

Colorado Court of Appeals, Div. II.

April 30, 1998.

Rehearing Denied June 11, 1998.

Certiorari Granted March 22, 1999.\*

\* SUMMARY OF ISSUE:

Whether the court of appeals erred in determining that creditor's claim against the decedent's estate was barred because petitioner failed to comply with the reasonable notice and proper presentation requirements of section 15–12–803(1)(a)(III), 5 C.R.S. (1998).

Denied as to all other issues.

Beck & Cassinis, P.C., Howard J. Beck, Diana J. Payne, Aurora, for Appellant.

James D. Osborne, Craig, for Respondent–Appellee.

Opinion by Judge TAUBMAN.

In this probate action, claimant, Denver Water Department Credit Union (Credit Union), appeals the court's dismissal of its petition for allowance of claims against the estate of Veronica C. Ongaro (decedent) premised on claimant's failure to file its claims within one year of the decedent's death. We affirm.

The dispute arises out of a promissory note signed by decedent as co-maker to facilitate a loan for the purchase of a vehicle by her son-in-law in October 1992.

Decedent died on May 13, 1994. On June 2, 1994, her daughter, the wife of the co-maker of the note, was appointed personal representative of the estate. She informed the estate's legal counsel of the liability for the note. Counsel advised daughter that notice to the Credit Union concerning her mother's death was unnecessary. It is undisputed that neither daughter in her capacity as personal representative nor the estate notified the Credit Union of decedent's death.

On November 10, 1994, daughter resigned and the court appointed a successor personal representative. It is also undisputed that the successor personal representative did not have any knowledge of decedent's liability on the note when he was appointed.

The Credit Union did not learn of decedent's death until May 1995. Thereafter, on May 25, 1995, the Credit Union filed its claim against the estate. On June 6, 1995, the successor personal representative sent notice of disallowance to the Credit Union.

The Credit Union filed a second claim against the estate on July 5, 1995, claiming that the sale of the vehicle, previously repossessed, resulted in a liquidated amount due and, therefore, the claim was timely under § 15–12–803(2)(b), C.R.S.1997.

The district court determined that the claim was liquidated at the time the note was made and denied all claims against the estate as untimely.

This appeal followed.

I. Presentation of Claim

Credit Union contends that the district court erred in concluding that a claim against the estate was not properly presented to daughter in her capacity as personal representative by the mailing of loan payment receipts in 1994. More specifically, the Credit Union, relying on *Strong Brothers Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.App.1983), argues that because daughter was aware of decedent's liability on the note, the loan payment receipts provided timely notice of the claim. We disagree.

Section 15–12–803(1)(a)(III), C.R.S.1997, provides that all claims against a decedent's estate that arose before the death of the decedent are barred against the estate as to all creditors unless presented within one year after the decedent's death.

■ Section 15–12–803, C.R.S.1997, is a nonclaim statute and compliance with its time limits is a condition precedent to the enforcement of a right of action. The failure to comply with the time limits set forth in the nonclaim statute bars the claim and deprives the probate court of jurisdiction over the subject matter of the claim. *In re Estate of Hall*, 936 P.2d 592 (Colo.App.1996), *aff'd*, 948 P.2d 539 (Colo.1997).

■ The purpose of the Colorado Probate Code is to promote a speedy and efficient system for settling the estate of the decedent and making distributions to his or her successors. *See* § 15–10–102(2)(c) C.R.S.1997; *In re Estate of Daigle*, 634 P.2d 71 (Colo. 1981).

Section 15–12–804(1), C.R.S.1997, sets forth the manner in which claims are to be presented.

That section provides:

A claimant against a decedent's estate may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount

claimed.... If the claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.

■ Presentment is critical to a creditor's claim in that proper presentment will stop the running of § 15–12–803(1), C.R.S.1997, which, as noted, raises a jurisdictional bar to all claims asserted after its expiration. *In re Estate of Rienks,* 844 P.2d 1295 (Colo.App. 1992).

■ Section 15–12–804(1) does not require strict compliance with the notice requirements. Rather, it requires that a claimant give reasonable notice of the claim to the estate. *See Strong Brothers Enterprises, Inc. v. Estate of Strong, supra.*

■ Here, the Credit Union initially argued that various loan payment receipts and other similar documents provided notice to daughter in her capacity as personal representative. However, the district court concluded that only the receipt for a payment made on September 20, 1994 was addressed to decedent and mailed to daughter's address. On appeal, the Credit Union does not challenge this finding. The September 20, 1994 receipt stated the name and address of the Credit Union, the amount of the payment, and the principal balance on the loan. However, the receipt did not contain any written statement of a claim, did not indicate the basis of a claim, i.e., liability for the note, did not mention the security for the note, nor was it addressed to daughter as personal representative.

*Strong Brothers Enterprises, Inc. v. Estate of Strong, supra,* is inapposite. There, another division of this court determined that, based upon principles of agency, notice sent to the personal representative's attorney was constructive notice to the personal representative. Further, in *Strong Brothers Enterprises,* the notice was in the form of a letter that referenced the parties, stated the nature of the claim, and specifically noted the provision of the agreement from which the claim arose. Although the court noted that the letter may not have been adequate to explain the nature of the claim to a stranger, because the attorney for the personal representative had participated in drafting the agreement in question, the letter sufficiently notified the estate of the claim.

Unlike in *Strong Brothers Enterprises, supra,* however, here the receipt did not mention the security, did not refer to decedent's liability on the loan, did not present a claim or demand from the estate, nor was the receipt addressed to the personal representative or to the estate's attorney. In sum, there was no affirmative notice sent to daughter as personal representative. Although she may have been familiar with the underlying transaction, daughter, as personal representative, did not receive sufficient notice of a claim against the estate through the loan payment receipt or otherwise.

We note that the opposite result would be contrary to the purposes of the presentment statute to promote the speedy and efficient distribution of the estate. *See In re Estate of Daigle, supra.* Further, such a holding would place an onerous burden on the personal representative to determine if a potential creditor is asserting a claim against the estate when any document indicating any type of liability came into his or her possession. In our view, such a construction would render § 15–12–804(1) a nullity.

Thus, we conclude that the district court did not err in dismissing the Credit Union's petition for allowance because the loan payment receipt did not present sufficient notice of a claim against the estate.

## II. Nonclaim Statute

■ The Credit Union also contends that the district court erred in barring the claim for failure to comply with the one-year requirement as set forth in § 15–12–803 because the statute should be construed in a manner calculated to achieve justice and an equitable result. More specifically, the Credit Union argues that the period in § 15–12–803(1) should be tolled because daughter

had personal knowledge of the claim. Again, we disagree.

### A.

■ A nonclaim statute, unlike a statute of limitations, is not subject to equitable tolling. Such a construction is consistent with a basic purpose of the Colorado Probate Code, i.e., to promote a speedy and efficient settlement of estates and their distribution to successors. *In re Estate of Daigle, supra.*

Therefore, all claimants, as a threshold matter, must comply with the deadlines set forth in § 15–12–803, the nonclaim statute. *In re Estate of Hall,* 948 P.2d 539 (Colo. 1997).

Here, the Credit Union filed a formal claim against the estate on May 25, 1995, more than one year after decedent's death on May 13, 1994. Thus, the Credit Union did not comply with the threshold requirement set forth in the statute.

Notwithstanding the Credit Union's contention to the contrary, *In re Estate of Hall, supra,* does not mandate a different result. In *In re Estate of Hall,* the supreme court concluded that a petition for allowance, initiated more than one year after the death of decedent, was timely under the allowance statute, § 15–12–806(1), C.R.S.1997, because the claimant sought allowance of the claim within sixty days from the date of the notice of disallowance. Significantly, unlike the Credit Union, the claimant in *In re Estate of Hall* timely filed the original claim against the estate.

Further, consistent with our determination here, the supreme court reaffirmed: "Creditors must properly present all claims against the estate or their claims are barred." *In re Estate of Hall, supra,* 948 P.2d at 541.

### B.

■ In the alternative, the Credit Union contends that the trial court erred in barring the claim because voluntary payments made to the Credit Union by daughter while serving as personal representative of decedent's estate tolled the one-year period for filing claims under § 15–12–803(1)(a)(III). We perceive no error.

■ As noted, § 15–12–803(1) is a nonclaim statute that raises a jurisdictional bar to claims not timely filed, and unlike a statute of limitations, a nonclaim statute is not subject to equitable tolling. *See In re Estate of Daigle, supra.* Thus, although partial payment may toll the statute of limitations to enforce a note, it will not toll a nonclaim statute. *Compare Drake v. Tyner,* 914 P.2d 519 (Colo.App.1996)(part payment amounts to voluntary acknowledgment of debt from which the law implies a new promise to pay the balance) *with In re Estate of Randall,* 166 Colo. 1, 441 P.2d 153 (1968) (personal representative of an estate can neither waive nor toll nonclaim statute).

Thus, we conclude that the district court did not err in concluding that § 15–12–803 was not subject to equitable tolling, and therefore, it properly barred the claim for failure to comply with the one-year time requirement.

### III. Due Process

The Credit Union contends that the district court erred in upholding the one-year time limitation contained in the nonclaim statute to bar its claim because daughter, as personal representative, failed to give actual notice to the Credit Union, thereby depriving it of property without due process of law. We are not persuaded.

■ When there is sufficient state action, procedural due process requires that a party be afforded notice and an opportunity for a hearing. Actual notice is a minimum constitutional precondition to such state action if the name and address of the party are reasonably ascertainable. *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

In *Tulsa Professional Collection Services,* the Supreme Court considered the constitutionality of an Oklahoma nonclaim statute barring a creditor's claim against a decedent's estate presented more than two months after publication of a notice advising creditors of the commencement of the probate proceedings. The Supreme Court con-

cluded that Oklahoma's nonclaim statute violated due process because it was not self-executing, but operated in connection with the state's probate proceedings to affect a creditor's property interests adversely. Specifically, the Supreme Court concluded that since the nonclaim statute became operative only after probate proceedings had been commenced in state court, and since the court must appoint the executor or executrix before any notice triggering the time bar can be given, the probate court was intimately involved in the probate proceedings. Significantly, without such involvement by the state court the time bar would never be activated. Therefore, due process required the estate to give actual notice to both known and reasonably ascertainable creditors.

Although the Supreme Court did not address the constitutionality of a second category of nonclaim statutes, i.e., those that bar claims if not filed within one to five years from the date of a decedent's death, it did indicate that such self-executing nonclaim statutes do not normally involve the level of state action necessary to implicate procedural due process.

The Supreme Court noted that the state's interest in a self-executing statute of limitations, or nonclaim statute, such as the one in question here, is in providing repose for potential defendants and in avoiding stale claims. The state has no role to play beyond enactment of the limitations period. Although the Supreme Court acknowledged that the mere enactment of a self-executing nonclaim statute was state action, it opined that a state's limited involvement in the running of the period in such instances generally falls short of constituting the type of state action required to implicate the protections of the Due Process Clause. *Tulsa Professional Collection Services, Inc. v. Pope, supra.*

 As noted, the *Tulsa* court did not decide the constitutionality of a self-executing nonclaim statute triggered only by a decedent's death. However, because its holding rested on the distinction between self-executing nonclaim statutes and those which involve substantial state action, we consider its analysis to be dispositive of the

constitutionality of the nonclaim statute at issue here.

Similarly, in *Wishbone, Inc. v. Eppinger,* 829 P.2d 434 (Colo.App.1991), *overruled on other grounds, In re Estate of Hall, supra,* another division of this court, relying on *Tulsa Professional Collection Services, supra,* concluded that a personal representative's failure to provide actual notice of the time bar contained in a nonclaim statute did not violate due process because the time bar automatically lapses upon the expiration of the statutory period and involves no substantial state action.

As we read *Eppinger, supra,* the court considered the four-month nonclaim statute contained in § 15–12–803(2)(a), C.R.S.1997, but did not specifically address the one-year time limitation contained in § 15–12–803(1)(a)(III). Because we find the reasoning in *Tulsa Professional Collection Services* and *Eppinger* persuasive, we conclude that no due process violation occurred here.

Section 15–12–803(1)(a)(III) is a self-executing nonclaim statute triggered, not by the commencement of probate proceedings in state court, but rather by the decedent's death. *See In re Estate of Dire,* 851 P.2d 271 (Colo.App.1993) (construing predecessor statute as establishing a one-year nonclaim period and further noting such construction was consistent with current statute). Thus, unlike a statutory scheme where the nonclaim statute becomes operative only after probate proceedings have been commenced, here there is no state involvement, and consequently, by definition, no violation of due process. *See Tulsa Professional Collection Services, Inc. v. Pope, supra; Wishbone, Inc. v. Eppinger, supra. See also In re Estate of Dire, supra* (trial court found no state action and, thus, no due process violation under one-year nonclaim statute based on *Tulsa Professional Collection Services,* but constitutional issue not raised on appeal).

We recognize the apparent unfairness of barring the Credit Union's claim as untimely when it did not receive notice of decedent's death until after the one-year nonclaim period had already elapsed. We note, however, that in March 1995, two months prior to the

expiration of the one-year period, the note was in default for a failure to insure the vehicle. In fact, in April 1995, the Credit Union repossessed the vehicle. Also, although the record reveals that the Credit Union attempted to contact decedent by phone numerous times in 1994 before her death, and in fact did contact her in March 1994, the record does not indicate that the Credit Union made any attempt to contact decedent prior to the repossession in 1995.

### IV. Liquidated Claim

 The Credit Union next contends that the district court erred in concluding that the note was liquidated upon delivery. More specifically, the Credit Union argues that the note became liquidated upon sale of the vehicle and that, therefore, the debt arose after decedent's death and was property presented within the four month-time limit established by § 15–12–803(2)(b), C.R.S.1997. We do not agree.

For liquidated claims arising at or after the death of the decedent, presentation must occur within four months after the claim arises. Section 15–12–803(2)(b).

 A liquidated claim is a fixed or ascertainable sum or obligation owed to a creditor of an estate. *Security Savings & Loan Ass'n v. Estate of Kite*, 857 P.2d 430 (Colo. App.1992), *overruled on other grounds, In re Estate of Hall, supra.*

Here, the note lists decedent as co-maker, and by the terms of the note, decedent was personally liable upon delivery. Further, the note set forth the amount financed, the amount of the finance charge, and the annual percentage rate. In the event of a default the Credit Union could sue decedent directly on the note without, or prior to, repossessing the security. Thus, here the security simply reduced the amount of the obligation; it did not liquidate the amount upon sale. *See Bilar, Inc. v. Sherman,* 40 Colo.App. 38, 572 P.2d 489 (1977).

Thus, the district court correctly determined that the claim was barred by the time requirements set forth in § 15–12–

803(1)(a)(III) because it was not a liquidated claim arising after decedent's death.

We note that the estate filed a notice of cross-appeal that was not pursued. Therefore, we deem it to have been abandoned. *See Kincaid v. Western Operating Co.,* 890 P.2d 249 (Colo.App.1994).

Judgment affirmed.

Judge CRISWELL and Judge JONES concur.